effectuate that intent plaintiff is entitled to the reformation sought (*Hart* v. *Blabey*, 287 N. Y. 257). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.

## (November 8, 1961)

■ In the Matter of MICHAEL BUTLER, an Attorney, Respondent. DENIS M. HURLEY, Petitioner.— In our opinion, under all the circumstances respondent should be suspended from the practice of the law for a period of three years; we deem this period of suspension to be the appropriate penalty for his offenses. We are not imposing a greater penalty because respondent co-operated fully with the petitioner and with the Referee, and because respondent's transgressions appear to be attributable in large measure to his inexperience, his ignorance and his carelessness. Accordingly, respondent is suspended from the practice of the law for a period of three years, beginning 20 days after entry of the order hereon. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ In the Matter of EDWARD KURZ, an Attorney, Respondent. DENIS M. HURLEY, Petitioner.— In our opinion, under all the circumstances respondent should be suspended from the practice of the law for a period of three years; we deem this period of suspension to be the appropriate penalty for his offenses. We are not imposing a greater penalty because respondent co-operated fully with the petitioner and with the Referee, and because respondent's transgressions appear to be attributable in large measure to his inexperience, his ignorance and his carelessness. Accordingly, respondent is suspended from the practice of the law for a period of three years, beginning 20 days after entry of the order hereon. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ CARLTON PROPERTIES, INC., Appellant, v. SOL BLOOM et al., Respondents. No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.